The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, Arkansas 72173-9335
Dear Representative Scroggin:
I am writing in response to your request for an opinion on the following question:
 Does a county Quorum Court have the authority to either, by ordinance decide the method of selection for the county coroner (election or reappointment) or refer to the voters a ballot initiative that will decide the method of selection for the county coroner (election or appointment)?
RESPONSE
In my opinion, in order to change the method of selection of the county coroner, the county must follow the procedure outlined in A.C.A. §§ 14-14-601 to -614 (Repl. 1998). That procedure involves an analysis of the office in question and a vote of the people at a general election.
As an initial matter, the Arkansas Constitution, art. 7, § 46, provides for the election of a county coroner. That section provides:
 The qualified electors of each county shall elect one sheriff, who shall be ex-officio collector of taxes, unless otherwise provided by law; one assessor, one coroner, one treasurer, who shall be ex-officio treasurer of the common school fund of the county, and one county surveyor, for the term of two years, with such duties as are now or may be prescribed by law. Provided, that no per centum shall ever be paid to assessors upon the valuation or assessment of property by them.
(Emphasis added).
Amendment 55, § 2(b) of the Arkansas Constitution, however, also provides that:
 The Quorum Court may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof; provided, however, that a majority of those voting on the question at a general election have approved said action.
The legislature has adopted enabling legislation for this provision. See
A.C.A. §§ 14-14-601 to -614. The office of county coroner is included in the offices subject to this subchapter. See A.C.A. § 14-14-603(b)(4). The process is begun either through the passage of an ordinance by the quorum court, or by initiative petition of the people. See A.C.A. § 14-14-607. The subchapter requires a "comprehensive analysis" of each office sought to be reorganized. A.C.A. § 14-14-606. All questions on alternative county organization, either proposed by ordinance or initiative petition, must be submitted to the electors of the county at a general election. A.C.A. § 14-14-609.
In response to your question, therefore, the quorum court has the authority you describe, as long as the procedures outlined in A.C.A. §§14-14-601 to -614 are followed, and assuming a favorable vote of the county electors.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh